UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JESUS H. GARCIA, JR.,

                     Plaintiff,[1]

         - against -

STEPHEN AQUAVUVA, PCT 112 QUEENS
COUNTY NY; ID # OFFICER # 905706000,

                    Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

13-CV-4360 (SLT) (JMA)

**TOWNES, United States District Judge:**

     Plaintiff, who is currently incarcerated at Southport Correctional Facility, filed this pro se

complaint pursuant to 42 U.S.C. § 1983 against Queens County Detective Stephen Aquavuva.

Plaintiff was granted leave to amend his complaint to cure its deficiencies and has filed a letter in

response. For the reasons set forth below, the complaint is dismissed sua sponte pursuant to 28

U.S.C. § 1915(e)(2)(B).

I.    **BACKGROUND**

    A.    **Previous Actions**

     Plaintiff has commenced at least nine § 1983 actions concerning his alleged work as a

confidential informant and an involuntary guilty plea. On May 8, 2009, consolidated actions

Garcia v. Gonzalez, 08-CV-3364 (DLI) and Garcia v. Police Dept., 08-CV-3366 (DLI), were

dismissed after Plaintiff failed to file an amended complaint that complied with Rule 8 of the

Federal Rules of Civil Procedure. On July 30, 2009, Garcia v. Anastacio, 09-CV-2455 (SLT),

Garcia v. Carbajal, 09-CV-2456 (SLT), and Garcia v. Gonzalez, 09-CV-2343 (SLT), the first

---

[1]    Plaintiff is also known as Juan H. Garcia.

two of which were consolidated, were dismissed on similar grounds. On November 13, 2009, Garcia v. Mercado, 09-CV-3285 (SLT), a related case, was also dismissed for failure to file an amended complaint. On April 8, 2010, another § 1983 action filed by Plaintiff was dismissed in the Southern District of New York, as well as a duplicate action that was transferred there from the Eastern District of New York. (See SDNY 08-CV-7241 (HB); 10-CV-290 (HB)).

More recently, on March 15, 2013, Plaintiff filed a petition in Garcia v. Griffin, 13-CV-3014 (BMC) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction or sentence imposed by a New York State court in Queens County. On July 17, 2013, after giving leave to amend the petition because it was "indecipherable," Judge Brian M. Cogan dismissed the petition with prejudice because Plaintiff failed to respond. (13-CV-3014 Docket No. 12). Plaintiff is currently appealing that dismissal. Indeed, in all or most of these actions Plaintiff has forgone the opportunity to file an amended complaint and has instead appealed the sua sponte dismissal.

**B.    Instant Action**

On July 24, 2013, Plaintiff filed the instant § 1983 action. As Judge Cogan noted, the complaint seems to allege that defendant pressured Plaintiff into confessing to the commission of a crime that occurred on "8-19-1997." (Compl. ¶ IV, IV.A). By order dated August 2, 2013, Judge Cogan directed Plaintiff to submit an amended complaint within twenty (20) days to give defendant notice of the claims he is attempting to raise. (Docket No. 5 at 3-4). In particular, Plaintiff was informed, inter alia, that he must include a brief factual description of the events giving rise to his action, the dates of these events – including the date that he confessed to defendant and the date that he pled guilty – as well as a basis for tolling the § 1983 limitations period if these events occurred more than three years prior to his commencing this action.

2

(Docket No. 5 at 4). The case was then reassigned as related to <u>Garcia v. Mercado</u>, 09-CV-3285 (SLT).

By letter response dated August 11, 2013, Plaintiff seems again to describe work as a confidential informant, and writes that "detective make the violation of my constitution 8th amendment" by using "much intimidation to pressure for make statement in his panic for the crime of abuse sexual 8-19-1997." (Docket No. 6 at 1). In the letter's most comprehensible passage, Plaintiff states that "the agents [and] NYPD known of my warrant of 8-19-1997 for attempt Burglary old case . . . the agents never saw case of abuse sexual never said why no arrested me in 5-4-2006 why arrested me 2-21-2007 . . . arrested me 9 months late is illegal assistant D.A. [and] detective to fabricated case is be conpira[cy] to fabricate case of abuse sexual." (Docket No. 6 at 4). Plaintiff also writes that "the assistant D.A. same him make [a] meeting in summer of 2009" and "said Garcia I needed you to cooperate for the crime of abuse sexual in 8-19-1997, so force me to plea guilty." (Docket No. 6 at 1). Public court records indicate that Plaintiff was charged with burglary and sex abuse in 2007 and that he pleaded guilty in 2009. (13-CV-3014 Docket No. 5 at 1 (citing <u>People v. Juan Garcia, a/k/a Jesus Garcia</u>, 94 A.D. 3d 775 (2nd Dep't 2012)). Indeed, a New York State Department of Corrections and Community Supervision inmate search shows that Plaintiff was received into custody at Southport Correctional Facility on October 29, 2009, pursuant to conviction for those crimes. <u>See</u> http://nysdoccslookup.doccs.ny.gov/ (last visited Aug. 21, 2013).[2]

---

[2]     On August 21, 2013, Plaintiff filed a "motion of petition of habeas corpus" against the same defendant. (Docket No. 7). To the extent Plaintiff moves to convert his § 1983 action to a habeas petition, "[t]he distinctions between Section 1983 cases and habeas corpus filings are of long and venerable duration, and the claims are analytically very different." <u>Sulton v. Wright</u>, 265 F. Supp. 2d 292, 298 (S.D.N.Y. 2003); <u>see</u> <u>Jenkins v. Haubert</u>, 179 F.3d 19, 25 (2d Cir. 1999) (discussing different functions and remedies in § 2254 and § 1983 actions). Plaintiff's

## II. DISCUSSION

### A. Legal Standard

Rule 8 requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' and is designed to permit the defendant to have a fair understanding of what the Plaintiff is complaining about and to know whether there is a legal basis for recovery." Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir.1991) (quoting Fed. R. Civ.P. 8(a)(2)). A court is obliged to construe the pleadings of a pro se plaintiff liberally and "interpret them to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). See Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory).

### B. Plaintiff's Response

Plaintiff has failed in his letter to remedy the deficiencies in his complaint. Though little if anything in the letter is clear, a liberal reading suggests that Plaintiff alleges he was pressured to plead guilty to certain charges "in summer of 2009." (Docket No. 6 at 1). In his order, Judge Cogan informed Plaintiff that claims brought pursuant to § 1983 are governed by New York's three-year statute of limitations and afforded Plaintiff the opportunity to address this issue and to allege facts in support of tolling. (Docket No. 5 at 3 (citing Owens v. Okure, 488 U.S. 235, 249 (1989)); see Abbas Dixon, 480 F.3d 636, 640 (2d Cir. 2007) (finding district court must grant

---

motion therefore is denied. To the extent Plaintiff meant to commence a new action entirely, his submissions (Docket Nos. 7, 8) should not be filed on this docket.

Plaintiff opportunity to oppose contemplated sua sponte dismissal on, inter alia, statute of limitations grounds). Accordingly, a § 1983 claim arising in "summer of 2009," the latest date provided in Plaintiff's letter, would be time-barred and Plaintiff alleges no facts in support of tolling the limitation. Plaintiff's complaint therefore is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Additionally, the Court cannot ignore the number of actions Plaintiff has filed concerning substantially similar issues, all of which have been dismissed. Plaintiff is warned that "[d]istrict courts have the authority to issue filing injunctions to prevent vexatious litigation." Iwachiw v. New York City Bd. of Elections, 126 Fed. App'x 27, 29 (2d Cir. 2005). In other words, this Court may, after giving Plaintiff notice and an opportunity to be heard, issue an order barring Plaintiff from filing complaints without first obtaining permission from the court. See Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard.").

## III.   CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, the Court warns Plaintiff that it will not continue to tolerate such repetitious litigation. The Court may consider an order barring Plaintiff from filing any future in forma pauperis complaints without first obtaining leave. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to

close this case and to re-file Plaintiff's habeas-related submissions (Docket Nos. 7, 8) under a new case number.

**SO ORDERED.**

/s/(SLT)

ẞANDRA L. TOWNES
United States District Judge

Dated: December 2, 2013
      Brooklyn, New York